**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ORLANDO HERNANDEZ JUAREZ,

Petitioner,

v.

U.S. DISTRICT COURT,

Respondent.

Case No.: 26-cv-2338-JO-MMP

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

Petitioner Orlando Hernandez Juarez, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus.[1] He appears to challenge (1) his state court conviction on the grounds that one of the witnesses at his trial lied; and (2) the resulting sentence on the grounds "that the trial court imposed an illegal enhancement." For the below reasons, the Court dismisses his petition.

First, Petitioner has not shown he has satisfied the requirement of first presenting his claims to the highest state court before turning to the federal court. Petitioners wishing to challenge a state court conviction or state imprisonment term must first exhaust state

---

[1] While Petitioner has utilized form HC-001, which is published by the Judicial Council of California and designed for filing in state court, the Court liberally construes the filing pursuant to 28 U.S.C. § 2254.

judicial remedies. *See* 28 U.S.C. § 2254(b), (c). To satisfy the exhaustion requirement, a California prisoner must either (1) specify in his petition that he has presented the California Supreme Court with a fair opportunity to rule on the merits of every issue raised for federal habeas review or (2) demonstrate that no state remedy remains available. *Johnson v. Zenon*, 88 F.3d 828 (9th Cir. 1996); *see also Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) ("The burden of proving that a claim has been exhausted lies with the petitioner.").

Here, Petitioner fails to sufficiently plead exhaustion by indicating he has presented his claims concerning the lying witness and illegal enhancement to the California Supreme Court. Dkt. 1 at 5. It appears that Petitioner filed two separate appeals with the California Court of Appeal,[2] but it is unclear whether he presented either the lying-witness claim or the illegal-enhancement claim to the California Supreme Court, or, if he did not, why no state remedy remains available in either case. *See People v. Hernandez Juarez*, No. D082954, 2025 Cal. App. Unpub. LEXIS 139, at *1 (Cal. Ct. App. Jan. 13, 2025) ("*Hernandez Juarez I*") (denying appeal challenging the sufficiency of the evidence and declining to reach issues related to Petitioner's sentencing); *People v. Hernandez Juarez*, No. D084896, 2026 Cal. App. Unpub. LEXIS 2055, at *2 (Cal. Ct. App. Mar. 24, 2026) ("*Hernandez Juarez II*") ("remand[ing] with directions for the trial court to clarify" an aspect of its sentence "and to amend and calculate custody credits"). Because Petitioner has not demonstrated that he has fully exhausted the claims he raises in his habeas petition, the Court dismisses the petition without prejudice.

Second, the habeas petition is defective because Petitioner has failed to name a proper respondent. Under Rule 2(a) of Rules Governing Section 2254 Cases (2019), a state prisoner must name the state officer having custody of him (*i.e.*, the warden of his detention

---

[2] *See* Fed. R. Evid. 201; *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (a federal court may take judicial notice matters of documents on file in state courts).

facility) as the respondent in a federal habeas claim. Because Petitioner has incorrectly named the "U.S. District Court" as the Respondent instead of his prison warden, *see* Dkt. 1 at 1, the Court also dismisses the petition on this ground.

By October 23, 2026, Petitioner must file an amended petition which 1) names the proper respondent and 2) demonstrates that he has sufficiently exhausted the claims he raises in his habeas petition to have his case reopened. The Clerk of Court is directed to send Petitioner a blank form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a blank application to proceed in forma pauperis form together with a copy of this Order.

**IT IS SO ORDERED.**

Dated: September 28, 2026

Hon. Jinsook Ohta
United States District Judge